h GREMILLION, Judge.
On March 22, 1996, this Court issued an Order requiring plaintiff-appellant, Lena L. Collins, to show cause, by brief only, on or before April 8,1996, why the above captioned appeal should not be dismissed as untimely. On April 8, 1996, plaintiff-appellant filed a “Show Cause Brief’ in response to this court’s March 22,1996, order.
The judgment in the instant case was signed on January 9, 1996. Notice of judgment was sent by the Office of Workers’ Compensation on January 9, 1996. Plaintiff-appellant’s “Motion for Devolutive Appeal” was filed on March 15,1996.
■ In plaintiff-appellant’s “Show Cause Brief’, plaintiff-appellant includes in the computation of the delay for applying for a devolutive appeal the 7 days for applying for a new trial under La.Code of Civ.P. art. 1974.
RPrior to a 1995 amendment, La.R.S. 23:1310.5 B referred to the delays established in the Louisiana Code of Civil Procedure for appeals. In 1995, La.R.S. 23:1310.5 B (Supp.1996) was amended by 1995 La. Acts No. 348 to read as follows.
The decision of the hearing officer shall be final unless an appeal is made to the appropriate circuit court of appeal. An appeal which suspends the effect or execution of an appealable judgment or order must be filed within thirty days. An appeal which does not suspend the effect or execution of an appealable judgment or order must be filed within sixty days. The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later. Motions for new trial shall not be entertained in disputes filed under this Chapter.
The 1995 amendment was effective on June 16, 1995. The amendment applies to the instant case as the judgment in this ease was rendered and signed subsequent to the effective date of the amendment.
Applying La.R.S. 23:1310.5 B, the delay for filing a devolutive appeal is sixty days, and the period commences on the day after notice of judgment is mailed by the Office of Workers’ Compensation. Judgment in the instant case was signed on January 9, 1996. *1040 Notice of the signing of said judgment was mailed by the Office of Workers’ Compensation on January 9,1996. The delay for filing a devolutive appeal commenced on January 10, 1996, the day after the mailing of notice of the signing of judgment by the Office of Workers’ Compensation, and expired on March 11, 1996, because the 60th day fell on Saturday, March 9, 1996. The motion for appeal was filed on March 15, 1996. The motion was not timely filed. Accordingly, plaintiff-appellant’s appeal is dismissed.

APPEAL DISMISSED.